**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005151
31-JAN-2018
08:55 AM**

NO. CAAP-13-0005151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TIMOTHY WILLIAM BIELER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(Kona Division)
(CASE NO. 3DTA-13-01388)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

The State of Hawai'i (State) charged Defendant-Appellant Timothy William Bieler (Bieler) with operating a vehicle under the influence of an intoxicant (OVUII) (Count 1); operating a vehicle after license and privilege to drive have been suspended or revoked for OVUII (Count 2); refusal to submit to breath, blood, or urine test (Refusal to Submit to Testing) (Count 3); and tampering with an ignition interlock device (Count 4). After a bench trial, the District Court of the Third Circuit (District Court)[1] found Bieler guilty as charged on all counts.

Bieler appeals from the District Court's Judgment entered on October 11, 2013. On appeal, Bieler contends that:

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

(1) there was insufficient evidence to support his OVUII conviction; (2) the District Court erred in granting the State's unobjected-to motion to amend Counts 2 and 4 of the Complaint; and (3) the District Court erred in failing to suppress evidence of his refusal to submit to testing to determine the alcohol concentration in his breath or blood. As explained below, we reverse Bieler's conviction for Refusal to Submit to Testing, and we affirm his remaining convictions.

I.

We resolve Bieler's arguments on appeal as follows.

A.

Bieler was charged with OVUII, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) (2007).[2/] Bieler contends that there was insufficient evidence to support his OVUII conviction. In particular, Bieler contends that "the State failed to adduce sufficient evidence that Bieler was under the influence of alcohol in an amount that impaired his ability to operate a vehicle in a careful and prudent manner." We disagree.

When viewed in the light most favorable to the State, see State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1988), there was sufficient evidence to support Bieler's OVUII conviction. Officer Eric Reyes effected a traffic stop of Bieler's car after observing it weaving -- "crossing over the solid yellow line" then "weaving back and crossing the solid white line." Bieler took an unusually long time to respond to Officer Reyes' request for documents, Bieler's eyes were red, glassy, and watery, and the odor of alcohol emanated from Bieler's vehicle. Bieler performed poorly on field sobriety

---

[2/] HRS § 291E-61(a) provides in relevant part:

   (a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

   (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

tests.  Among other things, on the walk-and-turn test, Bieler started too soon, could not keep his balance in the instructional position, missed some heel to toe steps, stopped walking during the test and had to be told to keep walking, did not take the appropriate number of steps, performed the turn improperly, stepped off the line, and raised his arms.  On the one-leg-stand test, Bieler swayed from side to side, put his foot down a few times, and raised his arms.  We conclude that there was substantial evidence to support Bieler's OVUII conviction.

B.

Bieler contends that the District Court erred in granting the State's motion to amend the Complaint and allowing the State to amend the mens rea for Counts 2 and 4.  Bieler did not object to the State's motion.  We conclude that Bieler's contention is without merit.  State v. Kam, 134 Hawai'i 280, 286-87, 339 P.3d 1081, 1087-88 (App. 2014) (holding that the trial court did not err in permitting the State before trial to amend the mens rea alleged for the charged offenses).[3/]

C.

Bieler contends that the District Court erred in failing to suppress evidence of his refusal to submit to testing to determine the alcohol concentration in his breath or blood.  Bieler argues that evidence of his refusal to submit to testing should have been suppressed because he was not properly warned of the consequences of his refusal.  We need not address this argument because we conclude that based on the analysis in the Hawai'i Supreme Court's decision in State v. Won, 137 Hawai'i 330, 372 P.3d 1065 (2015), the State was precluded from prosecuting Bieler for Refusal to Submit to Testing.  State v. Wilson, No. CAAP-15-0000682, 2018 WL 564771, at *1, 3-8 (Hawai'i App. Jan. 26, 2018).

---

[3/] Because we conclude that the District Court did not err in permitting the State to amend Counts 2 and 4 of the original Complaint, we do not address Bieler's claim that Counts 2 and 4 of the original Complaint were defective.

3

II.

Based on the foregoing, we reverse the District Court's Judgment with respect to Count 3. We affirm the District Court's Judgment with respect to Counts 1, 2, and 4.

DATED: Honolulu, Hawaiʻi, January 31, 2018.

On the briefs:

Ryan A. Ha
Deputy Public Defender
for Defendant-Appellant

*Craig H. Nakamura*

Chief Judge

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee

*Lawrence M Reifurth*

Associate Judge

Associate Judge

4